# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR MANUEL RODRIGUEZ | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SAMUEL SALUS, et al. | : | NO. 14-6637 |

## MEMORANDUM

**SLOMSKY, J.**                                                                             **MARCH   , 2015**

      Plaintiff Victor Manuel Rodriguez, a prisoner at the State Correctional Institution at Forest, brings this civil rights action based on allegations that the defendants caused him to be falsely convicted and imprisoned. He seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I.   FACTS[1]

      In 1996, plaintiff was arrested and charged with first-degree murder in Montgomery County. The prosecution alleged that plaintiff ordered a hit on the victim in his capacity as the leader of a gang, the Latin Kings. Judge Samuel Salus of the Montgomery County Court of Common Pleas, who was assigned to plaintiff's case, appointed Xavier Hayden to represent plaintiff. Hayden sought a continuance before trial because he needed additional time to prepare, but Judge Salus required him to proceed with jury selection.

      Plaintiff was convicted after a trial, based in part on the testimony of Police Officer Fidel Balan, who Judge Salus certified as an expert on gang activity at the request of the prosecutor, Joseph P. Mascaro. Officer Balan testified that plaintiff was a member of the Latin Kings.

---

[1] The following facts are taken from the complaint, documents attached to the complaint, and publicly available dockets from plaintiff's underlying criminal and habeas proceedings.

1

Plaintiff alleges that his father could have provided testimony rebutting the allegation that he was a gang member, but Attorney Hayden allegedly refused to call plaintiff's father as a witness or impeach the Commonwealth's witnesses. Plaintiff further alleges that Angel Hernandez, the brother of his co-defendant, threatened witnesses in an effort to have them change their testimony and inculpate plaintiff. Mascaro was apparently aware of this plot because he had charged Hernandez with witness tampering. However, the charges against Hernandez were dropped after plaintiff was convicted.

Judge Salus sentenced plaintiff to life imprisonment without parole. Plaintiff contends that his sentence is unlawful, apparently because the statutes for the crime of murder were not "carried over as required under legislative mandates when amendment(s) of criminal statutes were implemented by that Legislature, which , by the failure to do so, invalidates any such amended statutes as having force or effect." (Compl. ¶ 46.) Attorney Walter Dunsmore was appointed to represent plaintiff on appeal, but Dunsmore did not challenge the legality of plaintiff's sentence. The Pennsylvania Superior Court affirmed plaintiff's conviction and sentence, and the Pennsylvania Supreme Court denied his petition for allocator.

Plaintiff filed a petition for post-conviction relief. Attorney Francis M. Walsh was appointed as counsel, while Mary Killinger represented the Commonwealth in connection with the post-conviction proceedings. Plaintiff alleges that, as with his other attorneys, Walsh failed to challenge his sentence. He also alleges that the proceedings were unreasonably delayed due to Judge Salus's retirement and Walsh's neglect. At some point, Judge Richard J. Hodgson was assigned to the case and plaintiff retained a new attorney, James Owens. Several evidentiary hearings were held on plaintiff's petition, which allegedly revealed that Hernandez tampered with witnesses and that Mascaro and Judge Salus were aware of that fact. Nevertheless, Judge

Hodgson denied post-conviction relief. Plaintiff appealed to the Superior Court but that court affirmed Judge Hodgson's ruling. The Pennsylvania Supreme Court denied allocator. Plaintiff subsequently sought habeas relief in federal court, without success. *See Rodriguez v. Barone*, E.D. Pa. Civ. A. No. 09-270. His subsequent efforts to overturn his conviction have also been unsuccessful. Additionally, plaintiff claims that a certified copy of his sentencing order shows that he is being held without lawful authority, even though the copy attached to his complaint confirms that he was sentenced to life imprisonment without parole.

Based on those facts, plaintiff brings this lawsuit claiming that his constitutional rights were violated in connection with his prosecution, conviction, and incarceration. He named the following individuals as defendants: Judge Salus; Mascaro; Mary Fitipaldi, another prosecutor; Killinger; Judge Hodgson; Dunsmore; Hayden; Walsh; Owens; Officer Balan; Hernandez; and several panels of judges who ruled on his state court appeals and petitions for allocator. He essentially claims that all of the defendants were complicit in a plot to prosecute and convict him for a crime he did not commit, deny him the ability to overturn that illegal conviction, and require him to serve an illegal sentence in connection with that conviction. He cites 18 U.S.C. §§ 241 & 242 as the basis for his claims. Plaintiff seeks "immediate release from unlawful custody," monetary damages, criminal prosecution of the defendants, and an injunction prohibiting any future incarceration.

## II.     STANDARD OF REVIEW

The Court will grant plaintiff leave to proceed *in forma pauperis* because he has satisfied the requirements set forth in 28 U.S.C. § 1915. As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) applies, which requires the Court to dismiss the complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

To the extent plaintiff is bringing claims under 18 U.S.C. §§ 241 & 242, and seeking the initiation of criminal charges against the defendants, his claims are dismissed as legally frivolous because those criminal statutes are "inapplicable" to this civil suit and because plaintiff has no right to the initiation of criminal proceedings against another. *See Bullard v. Bureau of Unemployment and Allowances*, 516 F. App'x 111, 112 n.3 (3d Cir. 2013) (per curiam); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (observing that a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings.").

Even if the Court construes the complaint as raising claims under 42 U.S.C. § 1983, plaintiff's claims still fail. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Furthermore, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). As it is apparent from the complaint that plaintiff is seeking release from imprisonment, challenging convictions and imprisonment that have not been invalidated, and/or raising claims that would necessarily imply the invalidity of his convictions and sentence, his claims are not cognizable in a civil rights action.[2]

## IV. CONCLUSION

For the foregoing reasons, the complaint will be dismissed with prejudice as legally frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). As plaintiff cannot cure the deficiencies in his claims, amendment would be futile. An appropriate order follows, which shall be docketed separately.

---

[2] There are several other problems with plaintiff's complaint. The judges named as defendants are entitled to absolute judicial immunity because plaintiff's claims are based on acts they took in their judicial capacity while presiding over plaintiff's criminal and post-conviction proceedings. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Similarly, prosecutors are entitled to absolute immunity from claims for damages based on acts or omissions in connection with their prosecution of the Commonwealth's case against plaintiff, and Officer Balan is entitled to absolute immunity from claims based on his testimony at trial. *See Briscoe v. LaHue*, 460 U.S. 325, 326 (1983); *Imbler v. Pactman*, 424 U.S. 409, 430 (1976). Finally, plaintiff's challenge to his sentence—which appears to be that Pennsylvania's sentencing scheme is somehow invalid—is legally frivolous.